ELDER W. LEBERT and MINA C. LEBERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lebert v. Commissioner
Docket No. 14606-83.
United States Tax Court
T.C. Memo 1984-578; 1984 Tax Ct. Memo LEXIS 94; 48 T.C.M. (CCH) 1502; T.C.M. (RIA) 84578; October 31, 1984. William B. Schendel (specially recognized), for the petitioners. Milton J. Carter, Jr., for the respondent. FAY MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $2,521 in petitioners' 1980 Federal income tax. After concessions by petitioners, *95 the sole issue is whether certain litigation expenses were incurred by petitioner in the carrying on of a trade or business within the meaning of section 162(a) [1] or in the production or collection of income within the meaning of section 212(1). FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, Elder W. Lebert and Mina C. Lebert, resided in Fairbanks, Alaska, when the petition was filed herein. Petitioner Elder W. Lebert (herein petitioner) is a carpenter and was a member of Local 1243, International Brotherhood of Carpenters and Joiners of America, from 1968 through July 1981. At all times from 1968 to December 31, 1980, petitioner was a member in good standing of Local 1243 and obtained work only through dispatches from Local 1243. Petitioner was elected president of Local 1243 in August 1977, but only held that office for three months because his election was overturned due to one member of Local 1243 being ineligible to vote. During *96 his brief term in office, petitioner suspected that union dues were being misappropriated by certain other union officials. In 1978, petitioner and other union members initiated a lawsuit to obtain the union's financial records. They did subsequently receive those records. By letter dated February 11, 1980, petitioner and several other union members requested the Executive Board of Local 1243 to institute legal proceedings against the officers of Local 1243 to recover all of the union's funds which they had misappropriated. The Executive Board, however, declined to bring such an action. Thus, in June 1980, petitioner and several other union members instituted a suit on behalf of Local 1243 in the United States District Court for the District of Alaska against the officers of Local 1243 (herein referred to as the lawsuit) alleging that certain officers had misappropriated union funds. [2] On June 13, 1980, the District Court found good cause to permit the maintenance of the lawsuit and, at the time of the trial of this case, the lawsuit was still pending in the District Court. *97 During 1980 petitioner paid $6,500 in legal fees to maintain the lawsuit and petitioners deducted that amount on their 1980 return. [3] In his notice of deficiency, respondent determined that petitioners were not entitled to such a deduction because the legal fees were neither business expenses under section 162 nor expenses incurred for income-producing activities under section 212. OPINION The only issue is whether petitioners are entitled to a deduction under section 162 or section 212 for the legal fees paid in connection with the lawsuit. Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in "carrying on any trade or business." Closely related to that provision, section 212(1) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year "for the production or collection of income." The purpose for the two sections was "to place all imcome-producing activities on an equal footing" in terms *98 of allowable deductions. United States v. Gilmore,372 U.S. 39, 49 (1963). Both sections 162(a) and 212(1) have been construed to permit deductions for litigation expenses if the litigation is directly connected with, or proximately related to, the taxpayer's profit-seeking activity. Rafter v. Commissioner,60 T.C. 1, 8 (1973), affd. without published opinion 489 F.2d 752 (2d Cir. 1974); Trust of Bingham v. Commissioner,325 U.S. 365, 373-374 (1945). In determining whether litigation expenses have a sufficiently close relationship to the profit-seeking activities referred to in sections 162(a) and 212(1), the controlling criteria are the origin and character of the controversy which led to the expense rather than either the potential consequences of the failure to prosecute or defend the litigation, United States v. Gilmore,supra at 49, or the primary purpose of the litigation. Woodward v. Commissioner,397 U.S. 572 (1970); United States v. Hilton Hotels,397 U.S. 580 (1970). The question as to what was the origin or character of the controversy is a factual *99 one and resolution requires consideration of all the facts. Rafter v. Commissioner,60 T.C. at 8. In the instant case, petitioners argue that the origin and character of the lawsuit was to protect petitioner's livelihood as a carpenter because union funds are expended predominately on securing work for union members. Respondent contends, however, that the origin and character of the lawsuit was to end corruption by union officials, but did not arise in connection with petitioner's trade or business or income-producing activity of being a carpenter. We agree with respondent. Petitioner's contention that the alleged misappropriation of funds by union officials affected his earning a living as a carpenter is unsupported by the record herein. Petitioner has failed to show that he and his co-workers were unable to obtain work as carpenters prior to the lawsuit due to the alleged misappropriation of funds or that, if the lawsuit was successful, more jobs would be available for union members. Although petitioner testified and emphasized on brief that the lawsuit was instituted against the officers for unauthorized payroll expenditures and improper dispatching *100 by such officers of union members, the complaint filed in the lawsuit does not allege that union members were improperly dispatched. The lawsuit was brought simply to stop certain union officials from using union funds for their own personal benefit and to ultimately recover such funds. Thus, even if the union officials in fact misappropriated union funds, we do not find that such misappropriation had any effect on petitioner's trade orbusiness or income-producing activity of being a carpenter.We conclude that the origin of the lawsuit was not to protect petitioner's livelihood as a carpenter. Accordingly, petitioner's litigation expenses were not ordinary, necessary, or proximately related to his earning of income in 1980 as a carpenter and therefore are not deductible under section 162(a) or section 212(1). To reflect concessions by petitioners and the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The lawsuit was brought under the provisions of 29 United States Code sec. 501(b) which provides: Sec. 501. Fiduciary responsibility of officers of labor organizations. (a) Duties of officers; exculpatory provisions and resolutions void. * * * (b) Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; jurisdiction; leave of court; counsel fees and expenses. When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation.↩
3. Pursuant to the provisions of 29 U.S.C., sec. 501(b), petitioner, if successful in the lawsuit, may recover all of his legal fees. See n. 2, infra.↩